IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **PERCY ALLEN WILLIAMS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:11CV838 |
| | ) | |
| **RICHARD D. BONER, et al.,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1. Pursuant to the Prison Litigation Reform Act, Plaintiff may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. The Act provides that:

   > In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

   28 U.S.C. § 1915(g). In this Court alone, Plaintiff has had two cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. (1:10CV904 and 1:11CV493.) He has also had multiple cases dismissed in

other courts for being frivolous. *See, e.g., Williams v. Keller*, 5:11-ct-3080-D (E.D.N.C., Sept. 27, 2011)(unpublished); *Williams v. Keller*, 5:10-ct-3196-D (E.D.N.C. Sept. 26, 2011)(unpublished). Plaintiff has not alleged in his current Complaint that he is under imminent danger of serious physical injury. Instead, he primarily seeks to raise claims challenging his conviction and incarceration, which is not proper under § 1983 in any event. Plaintiff is not entitled to proceed as a pauper.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, and accompanied by the $350.00 filing fee. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms and instructions, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms and instructions and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, along with the $350.00 filing fee.

                 /s/ L. Patrick Auld
                 **L. Patrick Auld**
                **United States Magistrate Judge**

October 12, 2011